JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar No. 14746
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-5063
Email:  Jacob.Operskalski@usdoj.gov
*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER CHRISTJENCODY GEAR,<br><br>Defendant. | 2:24-cr-00152-JAD-BNW<br><br>**Government's Response to Defendant's Motion to Reopen Detention Hearing** |

Certification: This response is timely.

## I. Introduction

The United States hereby responds to the defendant, Spencer Christjencody Gear's Motion to Reopen Detention, ECF Doc. 20. Spencer Christjencody Gear ("Gear") terrorized public servants throughout the United States for months with vile, graphic, and detailed threats to kill them and subject them to a different justice system that he and his "men" would orchestrate. Gear is the most dangerous type of criminal offender because he believes in the righteousness of his violence – he repeatedly justifies his domestic terrorism as targeting traitors and members of the "deep state" as part of a "war" and the "Second American Revolution." There is no combination of conditions that can adequately address

the danger Gear poses to his many victims and to the community at large. Therefore, the government respectfully submits that the motion to reopen detention should be denied.

## II. Procedural Background

On July 16, 2024, a federal Grand Jury returned a 22-count Indictment charging Gear with 10 counts of threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B) and 12 counts of transmitting a communication containing a threat to injure in violation of 18 U.S.C. § 875(c). With the assistance of their Special Weapons and Tactics ("SWAT") team, the FBI arrested Gear on July 23, 2024. Gear had his initial appearance later that same day.

The government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(A) and (B), which provide:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community-- . . . upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
> (A) a serious risk that such person will flee; or
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.[1]

Although the Court made oral statements indicating that the Court was more inclined the hold the hearing pursuant to 18 U.S.C. § 3142(f)(1)(A), the written order memorializes that the hearing was held "Upon the . . . Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2)[.]" ECF Doc. 12 at 1.

---

[1] This section only provides the basis to hold the detention hearing – once the hearing proceeds, the Court must then consider factors enumerated in 18 U.S.C. § 3142(g) to determine whether conditions can adequately address the risk of flight and dangerousness posed by the defendant.

2

The detention hearing proceeded on July 23, 2024, and the government's arguments focused on the danger Gear poses to the community.

After hearing arguments from the parties, the Court concluded:

> The defendant is ordered detained as a danger to the community as defined by The Bail Reform Act for the following reasons: The nature and circumstances of the offenses charged involve twelve different telephone calls[2] allegedly made by the defendant. A proffer was made before this Court that the F.B.I. had previously contacted the defendant and warned him that his First Amendment rights did not protect him from this type of call and the language he is using but the defendant allegedly continued making calls. The Court reviewed a recording of one of the phone messages, alleged to have been made on June 3, 2024, which was directed at a judge and a district attorney, and the language used was of great concern to the Court. While the Court may agree with the defense that a lot of people say things under cover of anonymity that they may not say in person, but it appears that the defendant, to the extent it was him who left the messages, was in an altered state of mind and the Court is concerned that whenever this person who is leaving these messages is in this particular state of mind there is really nothing that is going to stop him or her from continuing the behavior. The Court further notes that the threat itself, without acting on it, is a violation of the law. The Court is also concerned with the number of calls at play in this case and that the defendant does not seem to have respect for the judicial system and for judges, which indicates that he will not follow any conditions of release that might be imposed. The Court further notes that the defendant was not initially compliant at the time of his arrest and the statements that he made after his arrest are equally concerning. The defendant's criminal history is not particularly concerning and reflects a DUI in 2011 and a DUI in 2015, however there is a more recent misdemeanor offense for disturbance of the peace and, more importantly to this case, resisting a public officer.

ECF Doc. 12 at 3.

Gear now moves to reopen detention based on the fact that his mother, who was previously unwilling to serve as a third-party custodian, has now changed her mind nearly three months later. ECF Doc. 20.

\\

---

[2] To make minor clarifications, one of the charged threats was communicated by email. Also, the defendant was warned by the FBI after an email he had sent in 2021.

### III. Law and Argument

**A.   Standard of Review and the Bail Reform Act**

The Bail Reform Act requires the least restrictive conditions possible to assure the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of any other person and the community, the defendant shall be detained pending trial. *See* 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(g), the Court shall consider (1) the nature and circumstances of the charged offenses, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Under the Bail Reform Act, a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

**B.   Argument**

To respond to Gear's motion, the government first addresses the newly presented defense information, and then discusses the statutory considerations that should bear on the Court's decision.

    **i.   Defense arguments fail to vitiate circumstances present on July 23, 2024.**

Following the parties' arguments at the detention hearing, the Court made a thorough oral and written record detailing the many reasons why Gear poses a danger to

4

the community and why no conditions could adequately address that danger. *See* ECF Doc. 12. The Court made a passing reference to the fact that Gear's mother was unwilling to be a third-party custodian as yet another cause for concern, but that fact did not appear to be a basis for detention and was not mentioned in the Court's written detention order. Gear's mother changing her mind nearly three months later is not a material change in circumstances that would address the danger that Gear poses in any substantive way.

In his motion, Gear also references a threat he made to a Judge in Texas in 2021 for which he was warned by the FBI. Gear argues:

> Not disclosed was that after being admonished, Mr. Gear told the FBI he had no intentions of even going to Texas. He specifically told agents that he had no intentions of hurting anyone, but he wanted to continue to express his constitutional rights. In sum, Mr. Gear told the agents over three years ago that he only intended to express his constitutional rights to express his opinions and would never hurt anyone.

ECF Doc. 20 at 6.[3] Gear has victimized individuals since at least 2021 with violent language, but prior to the dates charged in the Indictment, and in other uncharged calls and emails, Gear was far more careful with his language than he was in the threats that are included in the Indictment. The email for which Gear was admonished is not the basis for federal charges. That threat was substantively different from Gear's recent threats that are much more disturbing.

Gear's 2021 explanation that he only intended to express his constitutional rights stands in stark contrast to what he would say years later. In June of 2024, Gear left no doubt that violence was imminent in a call directed at a judge and a district attorney:

> We're gonna start killing you all soon. You open our borders. You piss on our Constitution. You piss on our rights. You take our voices. We're gonna give

---

[3] Of note, Gear was arrested soon thereafter in July of 2021 for "Disturbing the Peace"; "Intimidate Public Officer" and "Resist Public Officer", Pretrial Services Report at 3.

5

> you bullets (Unintelligible) bullets. The Second American Revolution is here. You're all going to die. You're dead. Dead. Dead. Kill. Murder. Dead. Dead. Kill. Murder. You're all dead.

Gear was charged and arrested soon thereafter for his escalating threats. Even before being charged, Gear had been under FBI surveillance as law enforcement officials worked to assess and mitigate the danger he poses.

Furthermore, when Spencer Gear says he only intends to express his constitutional rights, it bears noting that he has repeatedly asserted his belief that his threats and his plans to kill federal officials are protected by the Constitution. In a December 2023 voicemail left for a federal judge who oversaw cases involving the January 6, 2021, insurrection, Gear warned:

> I've threatened many of you filth. All constitutional, and if you don't think this is a constitutional threat send your little goon boys to me. And I'll eradicate them all. Let me be martyr to this cause. I don't want to be, I want justice, I want a family. I want (Unintelligible) and I want to be left alone. But if I've gotta kill a bunch of communist filth, and if I've gotta burn you all in the middle of the street to do that, I fucking will. This is a lawful, constitutional threat.[4]

When considering Gear's own words in 2023 and 2024, the fact that Gear said he would abide by the law back in 2021 is not a material change from information that was presented at the initial detention hearing. Therefore, all the Court's concerns remain valid, and the motion should be denied.

### ii. The nature of the charged offenses

All true threats against government officials should be taken seriously, but the nature of Spencer Gear's threats is especially disturbing. Gear detailed the violence he and

---

[4] Many times, Gear lowers his voice making it difficult to understand everything he says. Accordingly, the excerpts contained herein are attempts to capture his words.

his cohort will carry out against victims throughout the country sometimes in very lengthy messages that provided his own justifications for his crimes. His threats include violent misogyny, racism, homophobia, and disdain for the very justice system that is now seeking to hold him accountable.

Some of the threats are long, they are voluminous, and the Court has already heard excerpts, but a few more select excerpts demonstrate why Gear should not be trusted to adhere to Court imposed conditions, and why he should remain detained pending trial.

In the middle of a long voicemail left for a federal judge in Washington D.C. on or about May 24, 2024, Gear stated:

> We're gonna throw your ass in a dirty little hole. We're gonna fucking beat you every day. We're gonna fucking starve you. We're gonna cover you in mold. We're gonna put you in a prison cell with a bunch of dirty tranny fucks and they're gonna rape you every fucking day. Every fucking day. And you're gonna beg, you're gonna BEG, you're gonna BEG. We're done with you filth. All of you dishonorable garbage that occupy our fucking dirty bar justice system that's unconstitutional. You are outside the Constitution. You are enemy combatants. You are dead – do you understand? You better get your ass right with the Constitution or when this war kicks off here in the next few months, we're gonna hunt every one of you down. There gonna be no God damn mercy. There's not gonna be any corrupt men to protect you anymore. There's gonna be no more corrupt laws, no more corrupt governors, no more corrupt election systems, nothing. It's gonna be my men with rifles and orders and you're going to follow them or you're going to be shot.

In the same message he continued,

> But for real, lady, I'm not, uh, I'm not one of your stupid little criminals. I'm not one of your little fucking jungle animal violent fucking looters. I'm not one of your little gang bangers. I'm not some little tweaker. You know? No, I'm a freedom fighter. My men, my men are freedom fighters, and my men will die for freedom and liberty.

Gear's threats demonstrate that he believes that his threats and planned violence are justified and consistent with his perverted views of the "Constitution".

Court imposed conditions will not mitigate the danger Gear poses as he acts on his insurrectionist views towards the democratic process and the justice system.

In addition to the fact that Gear's vitriolic language is incredibly offensive, his sexist remarks should be considered when his proposed third-party custodian is his own mother. In the middle of a May 2024 message directed at a state employee in Montana, Gear stated:

> And so men are done with the, with the way you, uh, stupid bitches are fucking doing things. And we're gonna start smacking you back into your fucking places. Cause guess what, when men say something women do what the fuck they're told because you know why, if you want to be protected from a man, guess what you need to go do? You need to go get a mother fucking man. So, there's not enough robot corrupt trash men in this fucking country to save filth women like you, and filth women all over this country.

In the same message, Gear further demonstrated his disdain for women:

> So, so let that shit sink in you bitch while you're trying to figure out what sort of charges you can bring on me and what kind of men you can send to me. Because you don't like the words I say. While, while you're figuring that out, just know in the back of your head, you're a God damn woman and I'm a man. And at any God damn time I could come your fucking house and I could rip your bitch ass out of that God damn house and I can do whatever the fuck I wanted to you.

Gear's hatred and disrespect for women are especially relevant considerations when he is proposing to have his mother serve as a third-party custodian. No third-party custodian could adequately address the danger Gear poses to this community.

Furthermore, in July 2024, before being arrested, Gear threatened the same judge he had threatened on or about May 24, 2024, stating in relevant part: "Yeah, all of you federal judges are filth. I don't have any respect for a single one. I-I don't respect pretty much any judge. You're all corrupt bar trash. Um, but listen you-you dumb bitch." We don't have to guess whether or not Gear will respect the authority

of this Court to impose conditions upon him – he has already told us in unequivocal terms.

As one additional example of the type of violence Gear intends to carry out, he has threatened law enforcement officials who attempt to apprehend him. In the same June 3, 2024, message referenced above threatening a New York district attorney and judge, Gear stated:

> We all know where the corruption is. Why would we fight them in court? They're all corrupt. These judges take fucking hundreds of millions of dollars to politically persecute the President of the United States. Fuck this shit. If you fucking still think you're gonna hold on to some rule of law here and come after me? You're fucking trippin, you're trippin. I'll spill your blood. If you want me, you have to cause blood. I will kill people. I will kill you for coming for me. I will kill you anytime you come for me, you will lose one life at least.

Gear clearly feels as if he is above the law and is threatening to kill anyone who tries to apprehend him for his crimes. As further discussed below, when Gear was arrested in this case, the evidence indicates he considered acting on his threats to kill FBI agents when they arrested him, and changed his mind.

Both the government and the defense have focused our arguments pertaining to dangerousness on the possibility that Gear will act on his threats to kill and physically harm his victims. While the government stands by those arguments made both previously and herein, the government also notes that Gear is already victimizing officials and doing harm even if he never acts on his true threats. Official-victims and first responders have no way of knowing if Gear's vitriolic threats are idle talk or instead truly plans leading to violent actions. That uncertainty creates the possibility of officials suffering intimidation, fear, expenditure of significant resources, and various other harms. Even if it were somehow possible to ensure that Gear would never leave his residence and attack his victims, no

conditions of release could adequately keep him from continuing to terrorize his victims the way he has previously by calling and emailing officials throughout the country.

Considering the nature of the charged offenses, the best evidence of the danger that Gear poses are his own words. We should believe him when he has repeatedly told us exactly what he would do if released: he is devoted to harming those who he has deemed to be his enemies in the "war" he has declared.

### iii. The weight of the evidence

The weight of the evidence is the least persuasive factor for the Court to consider, but here, the evidence that Gear is threatening federal officials is overwhelming. The majority of Gear's threats came from a phone number for which the listed subscriber is Spencer C Gear[5] and where he has been reached by the FBI before. Every charged voicemail has a similar voice and speech-pattern and he often repeats similar words and phrases. The one email threat charged in the Indictment was sent by an email with "sccgear" in the username and the threat contained language similar to that used in the voicemails. Although presumed innocent, Spencer Gear made every threat that is charged in the Indictment, along with numerous other uncharged threats dating back to 2021.

### iv. The history and characteristics of the defendant and the danger he poses to the community

Although Gear has a minor criminal history,[6] the government is extremely concerned with his actions and words when the FBI arrested him on July 23, 2024. Gear

---

[5] There is also a contact name, "Son Goku", associated with the account.
[6] Although only misdemeanors, Gear has convictions for "Disturbing the Peace" and "Resist Public Officer", Pretrial Services Report at 3. Those convictions further demonstrate Gear's lack of respect for law enforcement officials and his unwillingness to comply with lawful orders.

grabbed an FBI drone to leave it outside of his residence (cutting his hands while doing so) and was, at first, noncompliant and argumentative with the FBI SWAT team.

Eventually, Gear surrendered, but when the FBI searched the residence, they found a plate carrier (a form of body armor) with recent blood on it as if he had recently handled the vest. The vest was also loaded with ammunition, including:

- One tan "PMAG" rifle magazine containing 29 5.56 green tip ammunition with various markings;
- One tan "PMAG" rifle magazine containing 28 5.56 green tip ammunition with various markings;
- One black rifle magazine containing 29 5.56 green tip ammunition with various markings;
- One black pistol magazine containing a mix of ammunition – Two (2) Hornady 9mm hollow point ammunition and ten (10) Winchester 9mm ball ammunition for a total of 12 rounds.

The evidence shows that Gear was preparing himself for an armed conflict with the FBI. Furthermore, after being arrested, Gear made a number of comments indicating he had decided against an armed conflict that day, but still implied that the arrest could have transpired differently. According to the FBI, Gear told the FBI: "But if I wanted to hole up in that house, you guys weren't coming in there without losing life." The government is concerned that if released, Gear will return to his plans of carrying out violent attacks on government officials and this time, he may not change his mind at the last minute.

Spencer Gear has repeatedly stated that he believes that he is in a "war"; he has called himself a "freedom fighter"; and he believes that public servants carrying out their duties are his "enemy combatants". No court-imposed condition can adequately address the danger he poses.

\\

\\

### IV.  Conclusion

Spencer Gear remains a significant danger to the community.  There have not been any material changes since this Court's July 23, 2024, detention order that would substantively change the Court's prior order. Accordingly, the government respectfully requests that the Gear's motion to reopen detention be denied.

Respectfully submitted this 21st day of October, 2024.

JASON M. FRIERSON
United States Attorney

*s/ Jacob H. Operskalski*
JACOB H. OPERSKALSKI
Assistant United States Attorney