RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA A. LEVY
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_Levy@fd.org

Attorney for Spencer Gear

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00152-JAD-BNW |
| Plaintiff, | **Defendant's Motion to Dismiss Indictment** |
| v. | |
| SPENCER CHRISTJENCODY GEAR, | |
| Defendant. | |

Defendant Spencer Gear moves this court under Federal Rule of Criminal Procedure 12(b)(3)(B) for an order dismissing the indictment. The indictment's failure to state the language and context of Gear's alleged threats renders the indictment insufficient under the First, Fifth, and Sixth Amendments of the United States Constitution. Dismissal is warranted.

**I.    Factual and Procedural Background**

In July 2024, a grand jury indicted Gear on 10 counts of threatening a federal official under 18 U.S.C. § 115(a)(1)(B) and 12 counts of transmitting a communication containing a threat to injure under 18 U.S.C. § 875(c).[1] The

---

[1] ECF No. 1 at 2–10.

indictment does not provide the language of Gear's alleged threats or the context in which they were made. Rather, it sets forth generic allegations reciting the statutory language for each charge, changing only the date and alleged victim where appropriate.[2]

Specifically, for charges under § 115(a)(1)(B), the indictment states only that Gear: "threatened to assault and murder [the alleged victim], with intent to impede, intimidate, and interfere with [the alleged victim] while engaged in the performance of official duties, and with intent to retaliate against [the alleged victim] on account of the performance of official duties, in violation of [18 U.S.C. § 115(a)(1)(B)]."[3] And for charges under § 875(c), the indictment states only that Gear: "knowingly transmitted in interstate commerce from Nevada to Washington D.C., a [telephone or electronic mail] communication containing a threat to injure [the alleged victim], specifically, . . . threaten[ing] to kill [the alleged victim], in violation of [18 U.S.C. § 875(c)]".[4] The indictment does not include any other factual allegations.

## II.  Argument

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may file a pretrial motion to dismiss an insufficient indictment. In considering the motion, courts are "bound by the four corners of the indictment" and "must accept the truth of the allegations[.]"[5] Because courts are bound by the four corners of

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *United States v. Boren*, 278 F.3d 911, 913 (9th Cir.2002).

2

the indictment, a bill of particulars or open-file discovery "cannot save an invalid indictment."[6]

Dismissal of the indictment is warranted for two reasons. First, the indictment fails under the First Amendment of the United States Constitution because no reasonable jury could conclude from the four corners of the indictment that Gear's alleged statements amounted to "true threats." Second, the indictment is insufficient under the Fifth and Sixth Amendments of the United States Constitution because it doesn't allow Gear to prepare a defense, fails to ensure that Gear will be prosecuted on the facts presented to the grand jury, and prevents Gear from pleading double jeopardy against later charges arising from the very same allegations.

**A.   Dismissal is required because no reasonable jury could find that the threats set forth in the indictment constitute true threats unprotected by the First Amendment.**

Only true threats are unprotected by the First Amendment.[7] Therefore, "[w]hat is a [true] threat must be distinguished from what is constitutionally protected speech."[8] The determination of whether a statement constitutes a true threat is two-pronged. The first prong is subjective, asking whether "the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual[.]"[9] The second prong is objective, asking "whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a

---

[6] *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

[7] *Watts v. United States*, 394 U.S. 705, 708 (1969).

[8] *Id.* at 707.

[9] *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)).

3

serious expression of intent to harm."[10] Both inquires require consideration of the statement's "entire factual context, including the surrounding events and reactions of the listeners,"[11] as "[e]ven a statement that appears to threaten violence may not be a true threat if the context indicates" otherwise.[12]

When a defendant is charged under a threat statute, a district court must dismiss the indictment when its "language [is] so facially insufficient that no reasonable jury could find that the language amount[s] to a true threat."[13] Put differently, the Court must dismiss the indictment if (1) no reasonable jury could find that the defendant made the statements with a subjective intent to communicate an intent to harm, or (2) no reasonable jury could find that the defendant's statements were serious expressions of a threat to harm.[14] To fulfill these requirements, an indictment must set forth the language and

---

[10] *United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012).

[11] *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990), *overruling on other grounds recognized by United States v. Hanna*, 293 F.3d 1080, 1088 n.5 (9th Cir. 2002).

[12] *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021); *see also Bagdasarian*, 652 F.3d at 1118–19 (context is necessary to both the subjective and objective inquires).

[13] *United States v. Zavalidroga*, No. 97-10290, 1998 WL 403361, at *1 (9th Cir. 1998); *accord United States v. Stevens*, 881 F.3d 1249, 1252 (10th Cir. 2018) ("If the court determines a 'reasonable jury could find that the [ ] communication[s] constitute[ ] . . . true threat[s],' then it may deny the defendant's motion to dismiss.") (quoting *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013)) (alteration in original); *United States v. Day*, No. CR-23-08132-PCT-JJT, 2024 WL 2746985, at *4 (D. Ariz. May 29, 2024) (applying the rule set forth in *Zavalidroga*).

[14] *See Stevens*, 881 F.3d at 1252; *Keyser*, 704 F.3d at 638.

4

...

circumstances of the defendant's alleged statements.[15] Without these factual allegations, the indictment fails because no jury can find that an abstractly described statement, without any context, constitutes a true threat.[16]

*United States v. Miah* is illustrative of why the language and context of a defendant's statements are necessary for a district court to determine whether a reasonable jury could find that an indictment alleges true threats.[17] In *Miah*, the defendant, charged under § 115(a)(1)(B) and § 875(c), moved to dismiss his indictment as insufficient under the First Amendment.[18] That indictment tracked the operative language of both statutes and set forth the date, communication medium, language, and circumstances of each alleged threat for each count.[19] In denying the motion, the district court analyzed the allegations of each individual threat indictment and explained why a reasonable jury could find that each

---

[15] *See, e.g.*, *Zavalidroga*, 1998 WL 403361, at *1 ("[W]e find that the plain language of the phone call forming the basis for the indictment and the context in which it was made were more than sufficient to send the question of the phone call's threatening nature to the jury."); *Stevens*, 881 F.3d at 1252 (affirming a district court's finding that a reasonable jury could conclude an indictment alleged a true threat based on "the language of the communication and the context in which it is delivered"); *Stock*, 728 F.3d at 298 (similar); *see also United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir.1980) (an indictment must "inform the court of the facts alleged so that it can determine the sufficiency of the charge").

[16] *See Bohonus*, 628 F.2d at 1173; *United States v. Buddenberg*, No. cr-09-00263 RMW, 2010 WL 2735547, at *6 (N.D. Cal. July 12, 2010) (dismissing an indictment charging the defendant under a threat statute because it did not include the language of the threat forming the basis of the charge).

[17] 546 F. Supp. 3d 407, 419 (W.D. Pa. 2021), *aff'd*, No. 22-2983, 2024 WL 4249493 (3d Cir. Sept. 20, 2024), *and aff'd*, No. 22-2983, 2024 WL 4526644 (3d Cir. Sept. 20, 2024).

[18] *Id.* at 414.

[19] *Id.* at 416–17.

5

statement's particular language, taken in context, was a true threat unprotected by the First Amendment.[20]

For example, the *Miah* indictment identified the explicit language of the defendant's alleged threats towards certain FBI agents, including that the defendant identified FBI agents by name, posted the coordinates to FBI headquarters in Washington, D.C., and referenced the terrorist attacks on September 11, 2001.[21] The district court explained that a reasonable jury could find "nam[ing] specific FBI agents, stat[ing] that a 'deed' will be done at a time [the defendant] chooses, appear[ing] to compare himself to the perpetrators involved in the September 11th attacks . . . and threaten[ing] physical harm" constituted a true threat.[22] Without the language and context of the defendant's threats, the district court would've had no basis to conclude that a reasonable jury could find the statements were unprotected by the First Amendment.[23]

Similarly, in *United States v. Syring*, the district court rejected the defendant's argument that his indictment was insufficient because his statements were mere political hyperbole as a matter of law.[24] Instead, the court concluded that a reasonable jury could find the language of the defendant's statements, taken in context, amounted to true threats.[25] That indictment "specifically describe[ed]" the seven communications that formed the basis of the

---

[20] *Id.* at 422–23.

[21] *Id.*; Indictment, *United States v. Miah*, No 2:21-cr-110 (W.D. Pa. Mar. 16, 2021), ECF No. 33.

[22] *Miah*, 546 F. Supp. 3d at 423.

[23] *See id.* at 417–23.

[24] 522 F. Supp. 2d 125, 133–34 (D.D.C. 2007).

[25] *Id.*

6

two threat charges, including the date, time, communication medium, language, and context of the alleged threats.[26]

For instance, the *Syring* indictment alleged that the defendant left a series of voicemails to members of the Arab American Institute (AAI) stating, in part, "[t]he only good Lebanese is a dead Lebanese," "[t]he only good Arab is a dead Arab," and "long live the IDF."[27] The defendant also stated in one of the voicemails that he was "in Arlington, VA," near the AAI offices in Washington, D.C.[28] While the district court agreed with the defendant that the indictment did "not present a compelling case," it nevertheless explained that a reasonable jury could find that the language of the defendant's statements, taken in context, amounted to true threats.[29] The court identified several factors supporting this conclusion, such as that the threats were "repetitive and frequent," "did not include conditional language," "were directed specifically to the recipients," and stated that the defendant was "in close physical proximity to the AAI offices in Washington, D.C."[30] Therefore, the district court found that the indictment's specific factual allegations were sufficient to send the question of whether the defendant's statements were true threats to the jury.[31]

Here, the indictment is insufficient because no reasonable jury could conclude from its abstract, contextless allegations that Gear's statements

---

[26] *Id.* at 126–27.

[27] *Id.* at 126–27; Indictment, *United States v. Syring,* No 1:07-cr-204 (D.D.C. Aug. 15, 2007), ECF No. 1.

[28] *Syring*, 522 F. Supp. 2d at 127.

[29] *Id.* at 134.

[30] *Id.* at 133.

[31] *Id.* at 134.

7

constituted true threats. Unlike the indictments in *Miah* and *Syring*, the indictment here omits altogether the language and context of the communications. Instead, Gear's indictment abstractly states that Gear either "threatened to assault and murder" or "threatened to kill" the alleged victims without any context whatsoever.[32] Even taking these allegations as true, absent the language of Gear's alleged statements and the context in which they were made, no reasonable jury could find that Gear made the alleged statements with the subjective intent to communicate a threat to harm, or that a reasonable individual would have interpreted the statements as communicating a threat to harm.

Indeed, such factual omissions prevent this Court from meaningfully examining, as the district courts did in both *Miah* and *Syring*, how Gear's alleged statements may be construed by a reasonable jury.[33] The Court cannot analyze the language of Gear's alleged statements to determine if they included any indicia of true threats, such as whether they entailed threats of physical harm; were repetitive and frequent; were conditional; were directed to specific recipients; or whether Gear indicated that he was in physical proximity to the alleged victims when he made the statements.[34] Nor can the Court analyze whether the context of Gear's alleged statements suggested they were true threats, such as whether they referenced violent historical events or attacked the

---

[32] ECF No. 1 at 2–10.

[33] *See Bohonus*, 628 F.2d at 1173; *Buddenberg*, 2010 WL 2735547, at *6 (courts cannot determine if an indictment alleges true threats "unless the specific speech [or] conduct is identified" in the indictment).

[34] *See Miah*, 546 F. Supp. 3d at 423; *Syring* 522 F. Supp. 2d at 133.

8

recipients' ethnic backgrounds.[35] Likewise, the Court cannot determine if the context showed that Gear's statements were *not* true threats, but rather constituted protected speech, such as jests or political hyperbole.[36] The indictment is thus insufficient under the First Amendment and must be dismissed.

### B. Dismissal is required because the indictment fails under the Fifth and Sixth Amendments of the United States Constitution.

The Fifth Amendment guarantees the right to indictment by grand jury and freedom from double jeopardy, and the Sixth Amendment guarantees that criminal defendants be informed of the charges against them.[37] Accordingly, a criminal indictment must "(1) enable [the defendant] to prepare his defense; (2) ensure him that he is being prosecuted on the basis of facts presented to the grand jury; [and] (3) enable him to plead double jeopardy against a later prosecution[.]"[38] "To satisfy these requirements, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged."[39] And "[w]here guilt depends so crucially upon such a specific identification of fact," these constitutional

---

[35] *See Miah*, 546 F. Supp. 3d at 423; *Syring* 522 F. Supp. 2d at 133; *Thunder Studios*, 13 F.4th at 746.

[36] *See Thunder Studios*, 13 F.4th at 746; *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) (explaining that context separates true threats from jests or hyperbole, such as the statement "I am going to kill you for showing up late").

[37] U.S. Const. amends. V, VI.

[38] *Bohonus*, 628 F.2d at 1173.

[39] *Id.*; *see also* Fed. R. Crim P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.").

requirements demand that "an indictment [ ] do more than simply repeat the language of the criminal statute."[40]

To that end, an indictment must be dismissed when it fails to allege facts that constitute "the very core of criminality under" the charged statute.[41] Such was the case in *Russell*, where the Supreme Court held that indictments charging six defendants with refusing to answer questions before a congressional subcommittee were insufficient.[42] Although the indictments alleged the defendants refused to answer questions that "were pertinent to the question then under inquiry"—the operative language of the charged statute—the indictments failed to state *what* question was under inquiry.[43] And because the criminality of the defendant's actions turned on *what* question was under inquiry, the indictment "failed to sufficiently apprise the defendant[s] of what [they] must be prepared to meet."[44] Thus, the indictments were insufficient under the Sixth Amendment because they prevented the defendants from developing a defense.[45]

Further, indictments that lack sufficient factual allegations cannot ensure that defendants are prosecuted on the facts presented to the grand jury.[46] For

---

[40] *Russell v. United States*, 369 U.S. 749, 764 (1962); *see also Hamling v. United States*, 418 U.S. 87, 117–18 (1974) ("[T]he language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.").

[41] *Id.*

[42] *Id.*

[43] *Id.* at 752.

[44] *Id.*

[45] *Id.*

[46] *Cecil*, 608 F.2d at 1297.

example, in *Cecil*, the Ninth Circuit held that a "rather barren" indictment charging a defendant with two counts of conspiracy was insufficient under the Fifth Amendment because it failed to state nearly any facts or circumstances related to the charges.[47] That indictment merely listed the names of the individuals involved in the conspiracy, recited the operative language of the conspiracy statute, and stated the substantive crime the defendant allegedly conspired to commit.[48] By failing to "state any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof," the indictment could not "ensure that the defendants were prosecuted on facts presented to the Grand Jury."[49] The constitutional requirements of criminal indictments necessitated greater factual detail.[50]

Applying these principles here, Gear's indictment is insufficient for three reasons. First, the indictment's failure to set forth the language and context of Gear's alleged threats precludes him from preparing a proper defense. This is because, as discussed above, only true threats are unprotected under the First Amendment, and the determination of a true threat turns on the language and context of a statement.[51] Therefore, like the question under inquiry in *Russell*, the explicit language and context of Gear's alleged statements constitute the "very core of criminality" under § 115(a)(1)(B) and § 875(c).[52] Without these

---

[47] *Id.* at 1296–97.

[48] *Id.* at 1295–96.

[49] *Id.* at 1296–97.

[50] *Id.*

[51] *Watts*, 394 U.S. at 708.

[52] *See Russell*, 369 U.S. at 764; *United Stats v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (because only true threats are unprotected by the First

11

factual allegations, the indictment prevents Gear from developing a First Amendment defense because he cannot know which particular statements underly his charges. Therefore, the indictment fails "to sufficiently apprise [Gear] of what he must be prepared to meet," and must be dismissed as insufficient under the Sixth Amendment.[53]

Second, like the indictment in *Cecil*, the present indictment's lack of factual allegations fails to ensure that Gear will be prosecuted on the same facts presented to the grand jury. Indeed, the factual allegations here are at most just as limited as the "barren" indictment in *Cecil*, merely including the statutory language, general dates and locations of the alleged actions, and the names of the alleged victims. Without more factual allegations, such as the language and context of Gear's alleged statements, the indictment fails to ensure that Gear will be prosecuted on the same alleged threats presented to the grand jury. Thus, the indictment is insufficient under the Fifth Amendment.

Third, the abstract allegations of Gear's alleged threats preclude him from pleading double jeopardy against later charges. Specifically, based on the four corners of the indictment, Gear cannot ascertain what specific statements form the basis of his charges. As such, the indictment precludes him from pleading double jeopardy against later charges for, say, uncharged statements made in proximity on the same dates. Relatedly, the present indictment makes it impossible to know what the government alleges as one unit of prosecution for each alleged threat, again preventing Gear from raising double jeopardy challenges to later charges for statements made in proximity. Thus, the

---

Amendment, "it is incumbent on the Government to make th[e] context [of a statement] clear" in an indictment under a threat statute).

[53] *See id.*

12

indictment doesn't allow Gear to plead double jeopardy against later charges and is insufficient under the Fifth Amendment.

### III. Conclusion

For these reasons, the present indictment fails to meet the requirements of the First, Fifth, and Sixth Amendments and must be dismissed.

DATED this 23rd day of January 2025.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

*/s/ Rebecca A. Levy*

REBECCA A. LEVY
Assistant Federal Public Defender
Attorney for Spencer Gear