UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER CHRISTJENCODY GEAR,<br><br>Defendant. | Case No. 2:24-cr-00152-JAD-BNW<br><br>**REPORT AND RECOMMENDATION** |

Defendant Spencer Christjencody Gear was indicted in 2024 for alleged statements he made during phone calls to public officials. ECF No. 1. According to the indictment, Gear called and threatened to kill a total of 11 victims on 12 separate occasions throughout 2023 and 2024. *Id.* In turn, he is charged under 18 U.S.C. §§ 115(a)(1)(B) and 875(c). *Id.*

Gear moves to dismiss the indictment, arguing that its allegations are insufficient to (1) establish that his statements constitute "true threats" under the First Amendment, (2) enable him to plead double jeopardy against future charges and ensure that he is prosecuted on the facts presented to the grand jury under the Fifth Amendment, and (3) provide him adequate notice to prepare a defense under the Sixth Amendment. ECF No. 30. Because the indictment sets forth the elements of each offense with enough specificity to identify the charged communications, it satisfies the minimum constitutional pleading requirements and is not "insufficient." The Court therefore recommends that Gear's Motion be denied.

**I.    LEGAL STANDARDS**

An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A sufficient indictment contains the elements of the charged crime in adequate detail to (1) inform the defendant of the charge, (2) enable him to prepare his defense, (3) permit him to plead double jeopardy, and (4) ensure him that he is being prosecuted on the facts presented to the grand jury. *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). "The Government need not allege its theory of the

case or supporting evidence, but only the essential facts necessary to apprise a defendant of the crime charged." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).

An indictment may track the language of the statute charging the offense so long as the statute unambiguously sets forth all the necessary elements. *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). An indictment should be read as a whole to include facts which are necessarily implied and construed according to common sense. *Buckley*, 689 F.2d at 899. In the Ninth Circuit, "bare bones" indictments that do little more than set forth "all essential elements of the crime to be punished" are "quite common and entirely permissible." *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987).

When ruling on a motion to dismiss, a court is bound by the four corners of the indictment and must accept the allegations as true. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court does not consider whether the Government can prove its case, but simply whether accepting the facts as alleged in the indictment as true, a crime has been alleged. *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012). "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).

## II. PARTIES' ARGUMENTS

Gear moves to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), asserting that its allegations are insufficient under the First, Fifth, and Sixth Amendments. ECF No. 1 at 3–12.

### A. First Amendment

Citing the two-prong test for determining whether communications constitute "true threats" under the First Amendment, Gear argues that no reasonable jury could conclude from the four corners of the indictment that both the subjective and objective prongs of the test are satisfied. *Id.* at 3–4. He contends that absent the full language and context of his communications, no reasonable jury could conclude that he made the statements with subjective intent or that a reasonable person would interpret his statements as threats. *Id.* at 5–8. He also

2

points to the fact that the Court cannot conduct a full true threats analysis—as other courts have at this stage—as further support for his contention that the indictment is insufficient. *Id.* at 8–9.

The Government responds that Gear's First Amendment challenge misunderstands the purpose of an indictment, which is not to *prove* a case but rather to provide a defendant notice. ECF No. 44 at 6. It asserts that Gear's cited cases examined whether the allegations in the indictments *precluded* a jury conviction as opposed to establishing what is necessary to plead true threats. *Id.* at 7. According to the Government, the indictment here is sufficient because it tracks the language of the statute and sets forth the essential elements of the charges with enough facts to identify the communications at issue. *Id.* at 5. It maintains that the allegations in the indictment, accepted as true, allege cognizable offenses because nothing in the indictment would prevent a jury from rendering a valid guilty verdict on each count. *Id.* at 9.

### B. Fifth and Sixth Amendments

In terms of the Fifth and Sixth Amendments, Gear contends that the indictment fails to set forth sufficient facts to permit him to prepare a defense, enable him to plead double jeopardy against later charges arising from similar allegations, and ensure that he will be prosecuted on the facts presented to the grand jury. ECF No. 30 at 3, 11–12. Because the "core of criminality" for threats is their language and context, Gear asserts, the threat statutes at issue are among those offenses that require an indictment to plead more than the language of the statute. *Id.* at 9–10. He argues that without the full language of the statements, he cannot ascertain which communications constitute the alleged threats; thus, he is prevented from adequately developing a First Amendment defense and asserting double jeopardy against later charges for uncharged statements made on the same dates. *Id.* at 12.

The Government counters that the specific facts alleged—the content of the threats (*i.e.*, that Gear threatened to assault and/or kill the victim), the dates, the victims, the locations where Gear made the threats and the victims received them, and the manner of the communications—provide Gear with sufficient notice of the offenses for which he is charged and the statements at issue. ECF No. 44 at 9–10. It argues that because the statements are sufficiently identified, the

1  specificity of the allegations prevents any danger of future prosecution for the same conduct. *Id.*
2  at 10. Finally, the Government contends that mirroring the statutory language of §§ 115(a)(1)(B)
3  and 875(c) is sufficient because the core of criminality (the content of the threats) is, in fact, pled
4  in the indictment.

5  **III.    ANALYSIS**

6        The Court begins its analysis with Gear's First Amendment challenge and his contention
7  that the indictment must set forth sufficient facts to satisfy each prong of the "true threats" test. It
8  then turns to the indictment's sufficiency under the Fifth and Sixth Amendments, discussing the
9  adequacy of notice as well as the concern that Gear be prosecuted on the same facts presented to
10 the grand jury.

11       **A.  Because a reasonable jury could conclude that the alleged statements constitute true threats, the indictment is sufficient under the First Amendment.**
12

13       Statutes like §§ 115(a)(1)(B) and 875(c), "which make[] criminal a form of pure speech,
14 must be interpreted with the commands of the First Amendment clearly in mind." *Watts v.*
15 *United States*, 394 U.S. 705, 707 (1969). Though the Government cannot criminalize
16 constitutionally protected speech, the First Amendment does not immunize "true threats." *Id.* at
17 708. The Ninth Circuit long employed an objective test for determining when speech is a true
18 threat. *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746 (9th Cir. 2021) (citing *Roy v. United*
19 *States*, 416 F.2d 874, 878 (9th Cir. 1969)). This test asks "whether a reasonable person would
20 foresee that the statement would be interpreted by those to whom the maker communicates the
21 statement as a serious expression of intent to harm or assault." *United States v. Orozco–*
22 *Santillan*, 903 F.2d 1262, 1265 (9th Cir. 1990), *overruled in part on other grounds by Planned*
23 *Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058,
24 1066–70 (9th Cir. 2002) (en banc).

25       But the Supreme Court later held that under the First Amendment, the Government can
26 only punish threatening speech if the "speaker means to communicate a serious expression of an
27 intent to commit an act of unlawful violence to a particular individual or group of individuals."

28       4

*Virginia v. Black*, 538 U.S. 343, 359 (2003). The Ninth Circuit interpreted this language in *Virginia v. Black* to overrule its precedent that solely employed the objective standard. *Thunder Studios, Inc.*, 13 F.4th at 746 (citing *United States v. Cassel*, 408 F.3d 622, 631 (9th Cir. 2005)). "Because the true threat requirement is imposed by the Constitution," the Ninth Circuit found that "the subjective test set forth in *Black* must be read into all threat statutes that criminalize pure speech." *United States v. Bagdasarian*, 652 F.3d 1113, 1117 (9th Cir. 2011). Thus, to be convicted under a criminal threat statute, the defendant must have subjectively intended to threaten. *Id.* "With respect to some (but not all) criminal statutes," the Ninth Circuit "also require[s] that the threat meet the objective standard" as well. *Thunder Studios, Inc.*, 13 F.4th at 746 (citing *id.*).

The indictment charges Gear with violations of §§ 115(a)(1)(B) and 875(c) for alleged threats he made to federal officials, with a majority of the individual communications—except for Counts 15 and 16—corresponding to one count under each statute. ECF No. 1 at 2–10. For each count, the indictment tracks the statutory language and specifies the content of the alleged threat (*i.e.*, that Gear threatened to assault and/or kill the victim), the victim's initials, the date, and the location from which he made the statement. *Id.* The § 875(c) offenses also detail the method of communication (by telephone) and the location to which Gear transmitted the statements. *Id.*

The § 115(a)(1)(B) counts, which charge Gear with "threatening a federal official," all follow a similar format that alleges:

> On or about [date], in the State and Federal District of Nevada, **SPENCER CHRISTENCODY GEAR**, the defendant herein, threatened to assault and murder [victim's initials], with intent to impede, intimidate, and interfere with [victim's initials] while engaged in the performance of official duties, and with intent to retaliate against [victim's initials] on account of the performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

*Id.*

1   The § 875(c) offenses for "transmitting communications containing threats to injure"
2 likewise employ a near-uniform format across each count, which alleges:

> On or about [date], in the State and Federal District of Nevada, **SPENCER CHRISTENCODY GEAR**, the defendant herein, knowingly transmitted interstate commerce from Nevada to [location], a telephone communication containing a threat to injure [victim's initials], specifically, the defendant threatened to kill [victim's initials], in violation of Title 18, United States Code, Section 875(c).

*Id.*

As the Government points out, Gear does not contend that the indictment fails to plead the elements of the statutory offenses. Rather, he challenges the sufficiency of the indictment under the First Amendment, arguing that the factual allegations alone cannot establish that his statements are "true threats." Gear interprets the First Amendment true threats requirement to mean that an indictment charging a defendant under any threat statute must set forth sufficient facts to satisfy the two-prong framework.[1] As support, he quotes language from an unpublished Ninth Circuit case that discusses the sufficiency of an indictment in the context of a true threat. *See United States v. Zavalidroga*, 1998 WL 403361 (9th Cir. July 7, 1998). He also points to two district court cases in which the courts undertook the subjective- and objective-prong analyses based on the full language of the defendants' statements, as detailed in the indictments. *See United States v. Miah*, 546 F. Supp. 3d 407 (W.D. Pa. 2021); *United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007). As explained below, such an interpretation would impose

---

[1] The Ninth Circuit has found that both the subjective *and* objective prongs must be met to obtain a conviction under § 115(a)(1)(B). *United States v. Ehmer*, 87 F.4th 1073, 1121 (9th Cir. 2023) (confirming that the objective standard articulated in *Orozco-Santillan* is still required *in addition* to the subjective requirement for § 115(a)(1)(B) convictions). However, the Ninth Circuit has not decided whether a § 875(c) conviction requires the Government to meet the objective prong as well. *United States v. Liesse*, No. 20-10096, 2021 WL 5275819, at *1 (9th Cir. Nov. 12, 2021) ("Section 875(c) requires proof that the defendant subjectively intended to issue a 'true threat,' but it is unsettled whether § 875(c) also requires the government to meet the objective standard[.]"); *United States v. Martis*, No. 22-10056, 2024 WL 957522, at *2 (9th Cir. Mar. 6, 2024) ("Assuming without deciding that proof of both a subjective and objective definition of a true threat is required for a conviction under § 875(c). . .").

For simplicity's sake, the Court assumes—solely for purposes of this Motion—that the Government must meet both the subjective and objective prongs to convict Gear for making true threats under each statute.

6

*additional* pleading requirements above and beyond what is constitutionally required.

Gear's argument is primarily rooted in language from *United States v. Zavalidroga*, which states that a "district court [can] dismiss an indictment only if the language [is] so facially insufficient that no reasonable jury could find that the language amounted to a true threat." 1998 WL 403361, at *1. This case, however, is uncitable. FED. R. APP. P. 32.1; 9th Cir. R. 36-3(c) ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit[.]"). Regardless, this holding is consistent with the notion, as discussed further below, that a court should only dismiss a threats-based indictment if the allegations cannot possibly be interpreted to amount to true threats. The opinion also confirms that "an absence of explicitly threatening language [does] not preclude the finding of a true threat by any reasonable jury." *Zavalidroga*, 1998 WL 403361, at *1.

Other Ninth Circuit cases Gear cites that discuss the necessity of viewing threats within their context make no mention of *pleading* requirements. *See, e.g.*, *Orozco-Santillan*, 903 F.2d at 1264 (review of sufficiency of evidence to support conviction); *United States v. Keyser*, 704 F.3d 631, 638 n.1 (9th Cir. 2012) (review of constitutional fact after determining evidence was sufficient to support conviction); *Thunder Studios, Inc.*, 13 F.4th at 742 (review of jury verdict in *civil* case). Gear's attempt to impute such contextual requirements into pleading standards thus confuses what the Government must *prove* with what the Government must *plead*. *See United States v. Day*, No. CR-23-08132-PCT-JJT, 2024 WL 2746985, at *4 (D. Ariz. May 29, 2024) ("Defendant's reliance on these cases, however, is misplaced. In each of these cases, the prosecution had the opportunity at trial to explain fully the context surrounding the statements[.]"). Although Gear may find support for his argument that context must be included in the indictment in out-of-circuit cases, the Ninth Circuit has imposed no such requirement. Rather, it has suggested in unpublished (but citable) decisions that specificity sufficient to meet the two-prong test is not required. *See, e.g.*, *United States v. Weiss*, No. 20-10283, 2021 WL 6116629, at *1 (9th Cir. Dec. 27, 2021) ("Weiss contends that the indictment is insufficient because it does not allege the objective prong of a true threat. We disagree. The indictment meets

the requirements of Federal Rule of Criminal Procedure 7.").

Binding Ninth Circuit precedent comports with the Government's read of pleading requirements: that a district court may only dismiss an indictment if an allegation in the indictment *precludes* a finding of a true threat. If it is "not clear" whether communications are "protected expression or true threats," it is "appropriate to submit the issue, in the first instance, to the jury." *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Planned Parenthood*, 290 F.3d at 1070). "A few cases may be so clear that they can be resolved as a matter of law, but most. . . should be left to the trier of fact." *United States v. Merrill*, 746 F.2d 458, 462–63 (9th Cir. 1984), *overruled on other grounds by Hanna*, 293 F.3d at 1088 n.5 (internal citations omitted). In other words, to dismiss the indictment, the court must find that the statements constitute protected expression or that they cannot possibly be interpreted as true threats. *See United States v. Toltzis*, No. 14-CR-00567-RMW, 2016 WL 3479084, at *3 (N.D. Cal. June 27, 2016).

Gear's own cited cases—*United States v. Miah* and *United States v. Syring*—support this interpretation. The defendants in those cases did not argue that the indictments lacked sufficient allegations for a jury to conclude that the two-prong test was satisfied. Instead, the defendants asserted that the content of their communications as pleaded were *not* true threats but rather First Amendment-protected speech. *Miah*, 546 F. Supp. 3d at 419 ("Defendant maintains that they are not 'true threats,' thus they are protected by the First Amendment."); *Syring*, 522 F. Supp. 2d at 128 ("Defendant asserts that his communications constitute speech on social and political issues that is protected by the First Amendment, rather than 'true threats' that may give rise to criminal charges."). Gear does not advance such an argument here.

Yet, as with *Miah* and *Syring*, nothing in the indictment here precludes a reasonable jury from concluding that Gear's statements constitute true threats. An indictment need not set forth all the evidence to be proved at trial; both implication and common sense may serve to fill any gaps. *See United States v. Blinder*, 10 F.3d 1468, 1476 (9th Cir. 1993); *Buckley*, 689 F.2d at 899. The allegations that Gear "threatened to assault" and "threatened to kill"—taken as true and

8

interpreted using common sense—connote that Gear had the subjective intent to threaten[2] and that a reasonable person would interpret his statements as threats. *Cf. United States v. Ross*, 206 F.3d 896, 899–00 (9th Cir. 2000) (word "embezzle" connotes that "the act was performed with wrongful intent"); *United States v. Davis*, 336 F.3d 920, 924 (9th Cir. 2003) (term "escape" implies that escapee knew he was leaving custody without permission). A reasonable jury *could*, therefore, find that the communications amount to true threats.

As mentioned above, Gear's assertion that the indictment must set forth the full language and context of his statements conflates the Government's *choice* to include the language with a *requirement* to do so. In some cases, such as *Miah* and *Syring*, the Government may need to set forth the full language of the alleged threats to sufficiently identify the communications at issue. Or it may simply prefer to include more allegations. Just because the courts in *Miah* and *Syring* found the indictments to be *sufficient* does not mean that such level of specificity is *necessary*. Neither case set a baseline for pleading standards and Gear points to no authority *requiring* the Government to issue a "speaking indictment." *See* 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 19.3(c) (4th ed. 2024) ("federal prosecutors *sometimes* employ what courts describe as a 'speaking indictment'—an 'indictment that provides a significant amount of detail as to the Government's theory of the case and the nature of the proof[.]') (emphasis added).

Notably, *Miah* and *Syring* themselves acknowledge that evaluation of context from materials outside the indictment is often necessary to make the true threats determination. Recognizing that the defendant's challenge was not resolvable through a motion to dismiss, the *Miah* court noted:

---

[2] The Ninth Circuit has held that the specific intent elements of both §§ 115(a)(1)(B) and 875(c) "subsume" the subjective-prong requirement of the true threats analysis. *United States v. Stewart*, 420 F.3d 1007, 1017 (9th Cir. 2005) ("Such proof would seem to subsume the subjective 'true threat' definition announced in *Black* and recognized by *Cassel*; one cannot have the intent required under section 115(a)(1)(B) without also intending to make the threat."); *United States v. Sutcliffe*, 505 F.3d 944, 962 (9th Cir. 2007) ("[T]he district court instructed the jury that specific intent to threaten is an essential element of a § 875(c) conviction, and thus the jury necessarily found that Defendant had the subjective intent to threaten in convicting him of the offense. Therefore, any error in the 'true threats' instruction was harmless."). Nevertheless, Gear does not argue that the Government failed to plead specific intent under each of the threat statutes.

9

> At this juncture, the Court is not permitted to ascertain the purpose and intent of Defendant's tweets by reference to consideration of any materials outside of the Indictment. This only underscores that whether Defendant's tweets are true threats, as the Government contends, or hyperbole, as he submits, is a factual dispute for the jury to determine, not one for the Court to decide as a matter of law on the present record.

546 F. Supp. 3d at 423 (internal citations omitted).

This sentiment is echoed in *Syring*, where the court stated that "[w]hile both [parties] acknowledge that context is key to determining the true import of Defendant's words, much of the context to which they point does not appear on the face of the Indictment." 522 F. Supp. 2d at 134. So while the *Syring* court agreed that the indictment did "not present a compelling case," it acknowledged that even based on the "meager context" alleged in the indictment, it was "possible that a reasonable jury could interpret" the defendant's communications as true threats. *Id.* Had enough context to make the ultimate true threats determination been a pleading requirement as Gear asserts, the *Miah* and *Syring* courts would have likely dismissed the indictments as insufficient. Yet here, as in those cases, the context in the indictment—that Gear allegedly called and threatened to kill federal officials—makes it possible for a reasonable jury to convict him for making true threats.

Gear's suggestion that the indictment must include sufficiently detailed factual allegations to permit him to file a motion on the same bases as the defendants in *Miah* and *Syring* too does not hold weight. The fact that the Court cannot engage in the two-prong analysis in the same depth as the courts in *Miah* and *Syring* now, on a pretrial motion to dismiss, does not render the indictment insufficient. *See United States v. Rogers*, No. CR 23-112-BLG-SPW, 2024 WL 1909034, at *4 (D. Mont. Apr. 29, 2024) ("Whether Rogers's statement is a true threat or protected political speech is a question for the trier of fact. As an initial matter, the record is not complete enough for the Court to undertake the true threats analysis."). And Gear does not have a *right* to have the Government plead the indictment in a particular way so that he can move to dismiss as did the defendants in his cited cases. *United States v. Santilli*, No. 2:16-cr-00046-GMN-PAL, 2017 WL 347590, at *9 (D. Nev. Jan. 6, 2017). ("Santilli is not entitled to a pretrial

evidentiary hearing to determine whether the government can prove its case. The Grand Jury heard the evidence presented and found there was probable cause to charge Santilli in the original and superseding indictment.").

In short, the Court disagrees that the indictment must be dismissed because the factual allegations are "insufficient," in and of themselves, to unequivocally satisfy the two-prong test for true threats. "While detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (internal citation omitted). The Government bears the burden at trial of proving that Gear's statements are true threats. *Watts*, 394 U.S. at 708. At the indictment stage, however, the Government's obligation is simply to directly set forth each element necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Smith*, No. 2:19-cr-00304-RFB-VCF, 2021 WL 1700045, at *2 (D. Nev. Apr. 29, 2021) ("The Court does not find, however, that the indictment must contain the specific language that the Defendant 'subjectively intended' for the communication to be understood as a 'true threat.' The explanation of the elements for the offense in detail occurs at trial with jury instructions and is not required in an indictment.") (internal citation omitted).

Ultimately, "the test is not whether the indictment could have been framed in a more satisfactory manner but whether it conforms to minimal constitutional standards." *United States v. Rosi*, 27 F.3d 409, 415 (9th Cir. 1994) (quotations and citation omitted). The indictment satisfies such minimum requirements here. Even if the indictment is "light," that does not foreclose the possibility that the record at trial will contain enough evidence to support a conviction. Because nothing in the indictment is inconsistent with or prevents a jury from finding the statements to be true threats, the Court cannot conclude that Gear's communications are protected speech as a matter of law. *Hanna*, 293 F.3d at 1087. The issue, therefore, is properly left to a jury. *Id.*

11

**B. Because the indictment sufficiently identifies the charged statements, it provides fair notice to Gear to comport with the Fifth and Sixth Amendments.**

In addition to his First Amendment challenge, Gear also challenges the sufficiency of the indictment under the Fifth and Sixth Amendments. "This inquiry must focus upon whether the indictment provides 'the substantial safeguards' to criminal defendants that indictments are designed to guarantee." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (citing *Russell v. United States*, 369 U.S. 749, 763 (1962)). Even if an indictment has pled each of an offense's essential elements, it still lacks requisite specificity if it fails to allege sufficient facts to (1) allow a defendant to prepare his defense, (2) enable him to plead double jeopardy against later charges, and (3) ensure that he is prosecuted on facts presented to the grand jury. *Id.* In other words, the indictment must contain a statement of facts and circumstances that will inform the defendant of the specific offense with which he is charged. *Hamling*, 418 U.S. at 117–18.

Gear attempts to analogize his case to *Russell v. United States*, where the Supreme Court recognized that for some offenses, greater factual specificity beyond a recitation of the statutory language is required to provide adequate notice of the charges. 369 U.S. at 763–72. Gear asserts that the indictment here must specify the full language and context of his communications, but he does not cite any threats-based case law in support of this contention. Nor has the Court found any Ninth Circuit cases holding that §§ 115(a)(1)(B) and 875(c) are among those crimes for which a recitation of the statutory language is insufficient.

The Supreme Court in *Russell* addressed the special nature of a charge for refusing to answer "pertinent" questions in a congressional inquiry; it did not institute a broad requirement, applicable to all criminal charges, that an indictment must specify how each essential element is met. *See id.* at 764. The narrow reach of *Russell*'s holding was confirmed by the Supreme Court's later decision in *United States v. Resendiz-Ponce*, where the Court rejected the contention that an indictment charging a previously deported person with an illegal "attempt" to reenter the United States was deficient for failure to specify the overt acts constituting the attempt. 549 U.S. at 107–08. The Court agreed that "an overt act qualifying as a substantial step

12

towards the completion of" the illegal objective was an essential element of the crime of attempt, but nonetheless concluded that an indictment asserting the "attempt," without specification of the acts constituting the attempt, was sufficient. *Id.* "[T]he use of the word 'attempt,' coupled with the specification of the time and place" thus satisfied the constitutional purposes of an indictment. *Id.*

So while Gear is correct that for certain offenses, specification beyond a categorical recitation of the elements is necessary to provide fair notice, the Ninth Circuit has not placed the threats statutes at issue into such a category. Though Gear characterizes the "core of criminality" in this case as the full language and context of his statements, as the Government observes, the core of criminality *has* been alleged here. Just as the core of criminality in *Russell* was the "subject under inquiry," the core of criminality here is the content of the alleged threats. *See* 18 U.S.C. § 115(a)(1)(B) (criminalizing threats to "assault," "kidnap," or "murder"); *id.* at § 875(c) (criminalizing threats to "kidnap," or "injure"). And the indictment pleads such content: that Gear "threatened to kill" his victims. The indictment here—while it could be more specific—is constitutionally sufficient: it sets forth the content of Gear's statements, the medium through which he communicated them, the dates they took place, the locations he called, and the victims' identities.

Though Gear expresses concern about his ability to plead double jeopardy against potentially uncharged statements that could have been made on the same dates as his current charges, the threat offenses here are no different than other crimes that are capable of repetition within the same day. The Ninth Circuit, for example, found sufficient an indictment charging a defendant for distribution of cocaine that merely parroted the statutory language along with dates and the amount he sold. *United States v. Mancuso*, 718 F.3d 780, 787, 789–90 (9th Cir. 2013). There, the defendant claimed that the indictment provided insufficient notice because it "failed to allege how the violation was committed or with whom." *Id.* at 790. But the court "reject[ed] his 'insufficient notice' claim" because it found that the defendant "was not entitled at the time of his indictment to know all of the evidence the government would use to prove the charges

13

against him." *Id.* The recitation of the statutory language with the meager factual specifications "was sufficient to notify him that he was charged with possessing cocaine with intent to distribute and actual distribution[.]" *Id.*

So too here. When read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied, the indictment alleges the elements of §§ 115(a)(1)(B) and 875(c) with adequate factual detail to put Gear on notice of the specific offenses with which he was charged. Given the sufficiency of the indictment, the Court recommends denying Gear's Motion.

## IV.    CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Indictment (ECF No. 30) be **DENIED**.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 28th day of April 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE