UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Spencer Christjencody Gear,

    Defendant

Case No.: 2:24-cr-000152-JAD-BNW

**Order Overruling Objections, Adopting Report and Recommendation, and Denying Motion to Dismiss**

[ECF Nos. 30, 61, 66]

Defendant Spencer Christjencody Gear is awaiting trial on several counts of threatening a federal official and transmitting a communication containing a threat to injure based on phone calls, voicemails, and emails containing threats to kill those officials.[1] Gear moves to dismiss all charges under Federal Rule of Criminal Procedure 12(b)(3)(B) because the indictment doesn't provide information sufficient to show that the calls contain true threats or to allow Gear to prepare a defense. Magistrate Judge Brenda N. Weksler recommends that Gear's motion be denied, and Gear objects. Because I conclude after de novo consideration of the facts and law that the indictment passes constitutional muster, I overrule Gear's objection, adopt Judge Weksler's report and recommendation, and deny Gear's motion to dismiss.

---

[1] ECF No. 1 (indictment).

**Discussion**

**A.     This court reviews de novo the entirety of the magistrate judge's report and recommendation.**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[2] "[R]eview de novo means that the court should make an independent determination of the issues and should not give any special weight to the prior determination of the [magistrate judge].[3] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[4]  Because Gear objects to every conclusion reached by the magistrate judge, I review de novo the entirety of the magistrate judge's report and recommendation.[5]

**B.     An indictment must contain sufficient facts to inform the defendant of the offense charged.**

Federal Rule of Criminal Procedure (FRCP) 12(b)(3)(B) permits defendants to "raise by pretrial motion" defenses based on "a defect in the indictment or information, including . . . lack of specificity" and "failure to state an offense."[6]  FRCP 7(c)(1) explains that a criminal indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."[7]  An indictment will pass constitutional muster "if it contains the elements of the charged offense in sufficient detail" to (1) "enable the defendant to prepare

---

[2] *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[3] *United States v. Raddatz*, 447 U.S. 667, 690 (1980) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)) (cleaned up).

[4] *Reyna–Tapia*, 328 F.3d at 1121–22; *see also* 28 U.S.C. § 636(b)(1)(C).

[5] *See* ECF No. 66 (Gear's objection).

[6] Fed. R. Crim. P. 12(b)(3)(B)(iii) & (v).

[7] Fed. R. Crim. P. 7(c)(1).

his defense," (2) "ensure . . . that he is being prosecuted on the basis of the facts presented to the grand jury," (3) "enable him to plead double jeopardy," and (4) "inform the court of the alleged facts so that it can determine the sufficiency of the charge."[8] When "ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment" and must accept all of its allegations as true.[9] An indictment must be "read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied."[10]

The indictment in this case alleges ten counts of threats against federal officials in violation of 18 U.S.C. § 115(a)(1)(B).[11] Each count follows the same structure and contains the date on which the conduct is alleged to have occurred, the initials of the victim related to that charge, and a recitation of the elements of the charge:

> On or about [date], in the State and Federal District of Nevada, **SPENCER CHRISTJENCODY GEAR**, the defendant herein, threatened to assault and murder [victim's initials], with the intent to impede, intimidate, and interfere with [victim's initials] while engaged in the performance of official duties, and with the intent to retaliate against [victim's initials] on account of the performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).

The indictment also alleges 12 counts of transmitting threatening interstate communications in violation of 18 U.S.C. § 875(c).[12] Each count similarly provides the date,

---

[8] *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)).

[9] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).

[10] *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985).

[11] *See* ECF No. 1.

[12] *Id.*

victim's initials, the location to which Gear allegedly directed his communication, and the accusation that Gear threatened to injure and, more specifically, kill the victim:

> On or about [date], in the State and Federal District of Nevada, **SPENCER CHRISTJENCODY GEAR**, the defendant herein, knowingly transmitted in interstate commerce from Nevada to [location], [a telephonic or an electronic mail] communication containing a threat to injure [victim's initials], specifically, the defendant threatened to kill [victim's initials], in violation of Title 18 United States Code, Section 875(c).

Gear contends that these allegations are insufficient under the First Amendment because the indictment doesn't contain enough factual detail for a jury to conclude that Gear's communications contained "true threats."[13] He also argues that the indictment offends the Fifth and Sixth Amendments because the government's failure to include "the language and context of Gear's alleged threats" precludes him from preparing a proper defense and pleading double jeopardy against later charges, and it "fails to ensure that Gear will be prosecuted on the same facts presented to the grand jury."[14]

**C.  Gear is incorrect that an indictment must contain the language or context of his alleged threats to satisfy the First Amendment.**

Because §§ 115(a)(1)(b) and 875(c) criminalize speech, they "must be interpreted with the commands of the First Amendment clearly in mind."[15] The First Amendment protects a broad swath of questionable speech, but it does not preclude prosecution for the utterance of "true threats."[16] The United States Supreme Court has defined "true threats" as "statements [in which] the speaker means to communicate a serious expression of an intent to commit an act of

---

[13] ECF No. 30 at 3–9; ECF No. 66 at 3–10.

[14] ECF No. 30 at 11–12; ECF No. 66 at 10–12.

[15] *Watts v. United States*, 394 U.S. 705, 707 (1969).

[16] *Virginia v. Black*, 538 U.S. 343, 359 (2003).

4

unlawful violence to a particular individual or group of individuals."[17]  To hold a criminal defendant liable for making true threats under either charged statute, a jury must conclude that the communication was objectively threatening and that the defendant subjectively intended the speech to be threatening.[18]  To meet the objective standard, courts ask "whether a reasonable person who heard the statement would have interpreted it as a threat."[19]  The fact-finder must look at "the entire factual context of the statements" to answer that question.[20]  If it is "not clear that the communications were protected expression or true threats, it [is] appropriate to submit the issue . . . to the jury."[21]

Gear contends that the government's indictment is defective because it does not contain adequate factual detail for the court to determine at this pre-trial stage whether a jury could conclude that his communications contained true threats.[22]  He relies primarily on *United States v. Zavalidroga*, an unpublished and uncitable Ninth Circuit case, to contend that this court must dismiss an indictment if its "language [i]s so facially insufficient that no reasonable jury could

---

[17] *Id.*

[18] *See United States v. Ehmer*, 87 F.4th 1073, 1121 (9th Cir. 2023) (finding that both subjective and objective tests must be met to sustain a conviction under § 115(a)(1)(B)).  The Ninth Circuit has not yet decided whether a jury is required to find both objective and subjective intent to prove a violation of § 875(c).  *See United States v. Liesse*, 2021 WL 5275819, at *1 (9th Cir. Nov. 12, 2021) (noting that "it is unsettled whether § 875(c) . . . requires the government to meet the objective standard" to show that a communication is a true threat); *United States v. Martis*, 2024 WL 957522, at *2 (9th Cir. Mar. 6, 2024) (assuming without deciding the proof of both standards is required under § 875(c)).  I assume for the purposes of this motion only that both are required to sustain convictions under both statutes charged in this case.

[19] *United States v. Bagdasarian*, 652 F.3d 1113, 1119 (9th Cir. 2011) (citation omitted).

[20] *Id.*

[21] *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002).

[22] ECF No. 30 at 3–9.

find that the language amount[s] to a true threat."[23] From that, he concludes that an indictment "must set forth the language and circumstances of the defendant's alleged statements."[24]

Gear overstates the government's burden at the indictment stage. That burden is satisfied by alleging merely the "essential facts necessary to apprise the defendant of the crime charged."[25] Gear does not point to any authority holding that, in an indictment for threatening federal officials and sending threatening communications, the essential facts necessarily require quotations of the threatening language or the context in which they were made. This question has not been definitively answered by the Ninth Circuit, but other circuits have found that such detail is not required. For example, in *United States v. Robin*, the Fifth Circuit noted that, "to allege a true threat, the exact wording of the threatening statement need not be set out in the indictment. If, as here, the indictment sets forth the elements of the offense so as fairly to apprise the defendant of the charges against him and does not expose him to the risk of double jeopardy, it is sufficient."[26] And in *United States v. Horton*, the Sixth Circuit rejected a challenge to an indictment that merely repeated the elements of 18 U.S.C. § 1876(c)—a statute that criminalizes using the mail to send threatening communications that is also subject to a "true threats" requirement[27]—but did not "specify the contents of the alleged threat and lack[ed] the language of the alleged threat."[28]

---

[23] *United States v. Zavalidroga*, 1998 WL 403361, at *1 (9th Cir. July 7, 1998); 9th Cir. R. 36-3 ("Unpublished dispositions and orders of this Court issued before January 1, 2007, may not be cited to the courts of this circuit" except in circumstances that do not apply here).

[24] ECF No. 30 at 4–5.

[25] *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (citation omitted).

[26] *United States v. Robin*, 693 F.2d 376, 380 (5th Cir. 1982).

[27] *See United States v. Bachmeier*, 8 F.4th 1059, 1063–64 (9th Cir. 2021) (confirming that the true-threats requirement applies to § 876(c)).

[28] *United States v. Horton*, 580 F. App'x 380, 385 (6th Cir. 2014) (unpublished).

Gear otherwise relies on federal district court cases from the Western District of Pennsylvania and the District of Columbia to suggest that more facts are required.[29] Those cases analyzed statements quoted and context alleged in indictments and found that a reasonable jury could conclude that they contained true threats, so the indictments could not be dismissed as a matter of law.[30] But those district-court cases do not invoke the law of this circuit and are thus of questionable persuasive value. And even if I were to consider those cases, the fact that some lower courts were able to assess statements contained in an indictment and determine that they could be construed as true threats by a jury does not mean that, as a rule, the indictment must contain sufficient information to undertake such a detailed inquiry at this early stage. Rather, as the magistrate judge persuasively reasoned in her report and recommendation, an overview of the caselaw instead suggests that "a district court may only dismiss an indictment if an allegation in the indictment *precludes* a finding of a true threat."[31]

Indeed, whether communications contain true threats is a question that almost always should go to a jury because that determination depends on an assessment of all the factual circumstances surrounding the statements.[32] The court should intervene in what is normally a fact-intensive jury question only when the government includes statements in an indictment that no reasonable juror could interpret as a true threat. Gear's arguments insisting that the government must always include facts that, when taken as true, "establish a true threat" are not

---

[29] *See* ECF No. 30 at 5–7 (citing *United States v. Miah*, 546 F. Supp. 3d 407 (W.D. Pa. 2021), *aff'd*, 2024 WL 4249493 (3d. Cir. Sept. 20, 2024); *United States v. Syring*, 522 F. Supp. 2d 125 (D.D.C. 2007)).

[30] *Miah*, 546 F. Supp. 3d at 423, *Syring*, 522 F. Supp. 2d at 134.

[31] ECF No. 61 at 8.

[32] *See Hanna*, 293 F.3d at 1087.

supported by Ninth Circuit caselaw or the proper role of an indictment in the initiation of a criminal case.[33]

Here, the indictment alleges, in each count, that Gear threatened to assault, murder, or kill a specific victim through a specific telephonic or email communication on a specific date. A reasonable juror could infer from that detail that Gear subjectively intended to threaten a victim and that a reasonable person would objectively interpret a threat to assault, murder, or kill to be a true threat. The proper time to argue that the language and context of the statements do not support those conclusions is at trial. So, because I cannot conclude as a matter of law that Gear's speech is protected, his motion to dismiss the indictment on that basis fails.

**D.    The indictment contains facts sufficient to apprise Gear of the crimes charged.**

Gear also disagrees with the magistrate judge's finding that the indictment contains sufficient information to satisfy the Fifth and Sixth Amendments.[34] He argues that indictments alleging criminal conduct subject to First Amendment scrutiny require greater factual specificity than other crimes and objects to the magistrate judge's recommendation finding that they don't.[35] Gear's argument is unpersuasive.

---

[33] ECF No. 66 at 4.

[34] *Id.* at 10–12.

[35] *See id.* In his original motion to dismiss, Gear also contends that, even if greater specificity isn't required, the indictment doesn't meet the minimal constitutional requirements to inform the defendant of the offense charged and enabling him to plead double jeopardy. ECF No. 30 at 9–11 (comparing his indictment to the one found wanting in *United States v. Cecil*, 608 F.2d 1294, 1295–96 (9th Cir. 1979)). But Gear doesn't focus on that argument in his objection. Instead, he insists that the magistrate judge incorrectly concluded that indictments involving allegations of threatening conduct require heightened factual specificity and that the government's failure to plead such specificity here prevents Gear from safeguarding his First Amendment rights. *See* ECF No. 66 at 10–12.

It is true that, "while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity."[36] But Gear offers no binding authority requiring greater specificity in indictments alleging violations of §§ 115(a)(1)(B) and 875(c). Gear relies heavily on the United States Supreme Court's analysis in *Russell v. United States*[37] to contend that criminal statutes with a true-threat component require more factual detail to catch cases that take aim at protected speech.[38] In *Russell*, the High Court found defective an indictment alleging violations of 2 U.S.C. § 192—a statute making it a crime to refuse to answer questions "pertinent to the question under inquiry" during a congressional hearing—because the indictment failed to "identify the subject under congressional subcommittee inquiry at the time the witness was interrogated."[39] The Court held that, because the "core of criminality" under § 192 revolved around what the subject of the inquiry was, and thus whether the questions the defendant refused to answer were "pertinent" to that inquiry, the government was required to provide details of the inquiry in the indictment.[40] The Court held that, without that information, the indictments "failed to sufficiently apprise the defendant of what he must be prepared to meet."[41]

Gear has not pointed to any binding authority suggesting that indictments alleging violations of §§ 115(a)(1)(B) and 875(c) must receive the *Russell* treatment. He argues that the "core of criminality" for those statutes is "the language and the context of the threats" and they

---

[36] *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).
[37] *Russell v. United States*, 369 U.S. 749 (1962).
[38] ECF No. 30 at 10; ECF No. 66 at 10–11.
[39] *Russell*, 369 U.S. at 764–65.
[40] *Id.* at 758–59, 764.
[41] *Id.* at 764 (cleaned up).

9

thus must be pled in the indictment.[42] But the language of the charged statutes does not support that argument. The "core of criminality" under the statutes is that the alleged communication "threatens to assault, kidnap, or murder"[43] or threatens to "kidnap" or "injure."[44] Here, the government met that burden by alleging in the §§ 115(a)(1)(B) counts that Gear threatened to assault and murder his alleged victims, and in the § 875(c) counts that Gear threatened to injure, and specifically "threatened to kill" those victims.[45]

So, applying the generally applicable rule that an indictment need only include the elements of the crime and enough information to put Gear on notice of the conduct charged, I conclude that the indictment alleges sufficient facts to ensure that Gear is being charged under the same facts presented to the grand jury, allow him to prepare a proper defense, or enable him to plead double jeopardy. Though it certainly could contain more detail, the indictment lists the date of each charged communication, how the communication was made, which state the communication was sent to, and who the alleged victim of the communication was. No more is required to apprise Gear of the crimes against which he must defend. Nor is more required to ensure that he is being prosecuted on the same facts presented to the grand jury or to enable him to plead double jeopardy. The government has alleged facts that are bounded by place, time, method, and victim. "The test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[46] These facts, along with the recited elements of the crimes charged, meet those

---

[42] ECF No. 66 at 11.
[43] 18 U.S.C. § 115(a)(1)(B).
[44] 18 U.S.C. § 875(c).
[45] *See* ECF No. 1.
[46] *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) (cleaned up).

standards. So I overrule Gear's objection to the magistrate judge's report and recommendation and deny his motion to dismiss.

**Conclusion**

IT IS THEREFORE ORDERED that defendant Spencer Christjencody Gear's objection to the magistrate judge's report and recommendation is **[ECF No. 66] is OVERRULED**, that recommendation **[ECF No. 61] is ADOPTED**, and Gear's motion to dismiss **[ECF No. 30] is DENIED.**

                                                   _____
                                                   U.S. District Judge Jennifer A. Dorsey
                                                                   August 8, 2025