UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br>v.<br><br>Spencer Christjencody Gear,<br><br>    Defendant | Case No.: 2:24-cr-00152-JAD-BNW<br><br>**Order Denying Defendant's Motion to Dismiss Indictment**<br><br>[ECF No. 73] |

Defendant Spencer Christjencody Gear is awaiting trial on several counts of threatening a federal official and transmitting a communication containing a threat to injure based on phone calls, voicemails, and emails containing threats to kill those officials.[1] Gear moves to dismiss all charges for the second time,[2] now arguing that he has been subjected to selective prosecution. He theorizes that his speech—which he downplays as merely "accusing various public officials of 'treason' for their unjust treatment of January 6 protestors and informing the officials that the 'punishment for treason is death'"—is "ordinary political speech" that is "nearly identical" to statements politicians, including the President of the United States, have made in recent months.[3] And since none of those politicians has been charged with a crime, Gear reasons that his prosecution must have been brought for vindictive purposes. Because Gear's argument is based on a grossly understated account of the communications that undergird his charges, and he has made no showing that he was singled out for prosecution, I deny his motion.

---

[1] ECF No. 1 (indictment).

[2] In his first motion to dismiss, Gear contended that his indictment didn't provide sufficient details to determine if his communications contained true threats as opposed to protected political speech. ECF No. 30. I adopted the magistrate judge's recommendation and denied that motion. ECF Nos. 61, 70.

[3] ECF No. 73 at 1–2.

## Discussion[4]

**A.    Dismissal for selective prosecution requires clear evidence of discriminatory effect and intent.**

Courts "must exercise a high degree of deference to the decision of prosecuting authorities to bring charges because the Constitution assigns that decision to the executive branch of government."[5]  But that deference is not unlimited.  Prosecutions may not be "'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification,' including the exercise of protected statutory and constitutional rights."[6]  "To prove a selective-prosecution claim, a defendant must show discriminatory effect"—i.e., that "other similarly situated individuals have not been prosecuted"—"and discriminatory intent," i.e., that his prosecution "was based on an impermissible motive."[7]  "The standard for proving a selective-prosecution claim is particularly demanding, requiring a criminal defendant to introduce clear evidence displacing the presumption that a prosecutor has acted lawfully."[8]

---

[4] Gear acknowledges that the deadline to file pretrial motions in this case passed more than a year ago, but he contends that he has shown good cause to extend the deadline because "the grounds for this motion did not arise until President Trump's November 2025 statement on Truth Social," which he contends "included language much like the language from which [he] is being prosecuted." ECF No. 73 at 14.  The government disagrees, noting that Gear references similar quotes that were made in 2023, but it asks the court to consider the motion on its merits anyway.  ECF No. 117 at 3 n.1.  I exercise my discretion to consider Gear's motion on its merits, despite its lateness.

[5] *United States v. Arenas-Ortiz*, 339 F.3d 1066, 1068 (9th Cir. 2003).

[6] *Wayte v. United States*, 470 U.S. 598, 608 (1985) (first quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), then citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)).

[7] *United States v. Rundo*, 108 F.4th 792, 798 (9th Cir. 2024) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996), then quoting *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir. 2007)) (cleaned up).

[8] *Id*. at 798–99 (cleaned up).

**B.      Gear has not shown clear evidence of discriminatory effect.**

Gear has failed to show that similarly situated individuals who used the same or similar language in communications directed at federal officials have not been prosecuted. Gear appears to contend that he is similarly situated to public officials, including President Donald J. Trump, who recently commented on social media that "seditious behavior [is] punishable by death" in response to news that some politicians "urge[d] service members to refuse unlawful orders" and has made similar comments in the past.[9] Gear also points to other statements made by politicians and members of the public over the last decade calling for political opponents to be "tried for treason . . . then hung on the Mall in Washington D.C." or accusing them of "treasonous act[s]" that are punishable by death.[10]

But the threatening statements that Gear allegedly made are substantively different than any of the statements by others that he identifies in his motion. While those statements generally accuse others of treason or sedition and opine that they should receive the death penalty for those crimes, the communications Gear is accused of go much farther. Some choice examples easily elucidate this difference:

- "Any FBI filth bag that thinks that **I am fucking threatening you, I am.  I am fucking promising you death.** I'm promising you destruction. I'm promising you a Constitutional end to your life."[11]

---

[9] *See* ECF No. 73 at 2–3, 8–9.
[10] *Id.* at 8–11.
[11] ECF No. 151 at 6.

- "We're going to round you up and we're going to put you before our own court, and then we're going to fucking execute you. **This is a death threat.** Come fucking get it."[12]

- "We're gonna start killing you all soon. You open our borders, you piss on our Constitution, you piss on our rights, you take our voices. We're gonna give you bullets (unintelligible) all bullets. The Second American Revolution is here. **You're all going to die. You're dead. Dead. Dead. Kill. Murder. Dead. Dead. Kill. Murder. You're all dead.**"[13]

Though Gear is also accused of saying things like "the punishment for treason is death," and he tells one recipient of his communications that she is "going to hang for treason,"[14] the difference is that he adds explicit death threats on top of those statements, going into gruesome detail about the manner in which his threats will be carried out. For example, he is alleged to have said, "You will be fucking hanged until dead. Your neck will break, you'll shit your pants, you'll be able to . . . see the last few moments of your life."[15] Gear fails to point to any similarly situated individuals who explicitly explained that their communications are a "death threat" and provided details giving weight to that threat, but were not prosecuted for their speech.

---

[12] *Id.* Gear points out in his reply that the government's response only highlights portions of this statement and the one above it, arguing that the context surrounding "I am fucking promising you death" and "This is a death threat" somehow mitigates these statements to constitutionally protected speech similar to that of others on social media. *Compare* ECF No. 117 at 1 *with* ECF No. 151 at 6. I have added Gear's additional language for context, and I find that those extra words do not make this speech similar to other statements he highlights, nor do they make the direct death threats any less menacing.

[13] ECF No. 117 at 1.

[14] *Id.* at 5–6.

[15] *See id.* at 7.

In his reply, Gear points to statements made by federal officials indicating that they have received death threats from other individuals that may have been more personal or threatening than Gear's alleged communications.[16]  He claims that the government did not attempt to prosecute those other individuals.[17]  But he provides no evidence showing that investigations and prosecutions into those other threats didn't happen.  More importantly, Gear doesn't present evidence of the content of any of those other threatening communications, so he has not established that the people who sent them are similarly situated to himself.  In sum, Gear's accused language is not like the others, and Gear has not shown that any similarly situated individuals who made communications like his were not prosecuted.

**C.   Gear has not shown clear evidence of discriminatory intent.**

Nor has Gear shown any evidence of discriminatory intent.  He contends that he is being prosecuted because "these alleged threatening messages primarily contain derogatory and offensive language—all of which is protected by the First Amendment."[18]  He acknowledges that his messages "include arguably offensive, misogynistic, and derogatory language" and implies that the government is really prosecuting him for that speech, which he asserts is constitutionally protected.[19]  He also imagines that the Biden Administration initially brought this prosecution because many—but not all—of his communications were directed at officials with ties to prosecuting or presiding over the trials of January 6 protestors.[20]  But, as the government points out, Gear's charges are not based only on statements related to January 6th; they span a broad

---

[16] *See* ECF No. 151 at 8–9.
[17] *Id.*
[18] ECF No. 73 at 18.
[19] *See id.* at 16.
[20] *Id.* at 14.

array of issues and target a diverse set of public officials. He presents no evidence suggesting that the Biden Administration charged—and President Trump's justice department continues to prosecute—him because he held viewpoints with which some prosecutors disagreed.

At most, Gear implies in his reply that discriminatory intent is shown by the fact that the government didn't charge him for similar communications in 2023 yet chooses to prosecute him now. But the exhibit Gear attaches shows that, though the Assistant United States Attorney (AUSA) declined to prosecute Gear for those earlier communications, the AUSA acknowledged that Gear's communications were "escalating" and that he wished to be kept informed of the FBI's interactions with Gear.[21] That the AUSA apparently waited to prosecute Gear until his communications reached a higher threshold of content and quantity is not "clear evidence" of discriminatory intent. Though everyone in this case acknowledges that the prolific and prolix communications that Gear is being prosecuted for may contain some protected speech, there is no evidence that such speech formed the basis for his prosecution. So Gear has not presented any evidence of discriminatory intent based on the lawful exercise of his First Amendment rights.

**D.      Gear is not entitled to discovery on his selective-prosecution claim.**

Finally, Gear contends that even if he fails to prove selective prosecution, he has "produced at least some evidence that he is being targeted for sympathizing with the now-exonerated January 6 protestors" and thus is entitled to conduct discovery on his selective-prosecution claim.[22] He specifically seeks discovery into "the government's criteria used to distinguish prosecutable 'threats' from protected rhetoric; internal DOJ or agency guidance

---

[21] ECF No. 151-3 at 10–11.
[22] ECF No. 73 at 18.

concerning political-speech threat assessments; and non-prosecution decisions involving similar language by public officials and private citizens."[23] The government responds that Gear has not met the slightly less onerous standard to obtain the discovery he desires.[24]

The Supreme Court has established that, to obtain discovery on a selective-prosecution claim, the defendant must come forward with "some evidence tending to show the existence" of discriminatory effect and discriminatory intent.[25] While this discovery standard is less stringent than the showing necessary to make out a prima facie case of selective prosecution, it is still a "rigorous one designed to minimize interference with the prosecutorial function."[26] As the Ninth Circuit has explained, "the standard for discovery for a selective-prosecution claim should be nearly as rigorous as that for proving the claim itself."[27]

Gear falls far short of this mark. He simply has not shown any evidence that he is being treated differently from similarly situated individuals or that he is being targeted for his political speech. His charges are aimed at direct and explicit "death threats" to kill or "murder" public officials, and he identifies no other person who was not prosecuted after making similar threats. He has not pointed to any evidence that the prosecutors in this case charged him because his threatening messages may have contained some protected, albeit offensive and violent, speech. So I deny his request for discovery on this selective-prosecution claim.

---

[23] *Id.* at 19 (cleaned up).
[24] ECF No. 117 at 7.
[25] *Armstrong*, 517 U.S. at 468.
[26] *Arenas-Ortiz*, 339 F.3d at 1068 (cleaned up).
[27] *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018) (cleaned up).

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Spencer Christjencody Gear's second motion to dismiss based on selective prosecution **[ECF No. 73] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 6, 2026