RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
REBECCA A. LEVY
Assistant Federal Public Defender
SEAN A. MCCLELLAND
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rebecca_Levy@fd.org
Sean_McClelland@fd.org

Attorneys for Spencer Gear

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Spencer Christjencody Gear,<br><br>    Defendant. | Case No. 2:24-cr-00152-JAD-BNW<br><br>**Motion in Limine to Exclude Use of Transcripts** |

I.  Introduction

The government intends to display transcripts on jurors' screens while playing audio recordings of communications allegedly made by Mr. Gear. The recordings are in English and readily understandable without assistance. The recordings themselves constitute the evidence in this case and are clear and comprehensible without interpretive aids. Allowing the government to provide transcripts risks undue emphasis and confusion and is unnecessary to the jury's evaluation of the communications.

## II. Argument

### A. Transcripts Alter How the Communications Are Received

Federal Rule of Evidence 403 permits exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Here, the recordings themselves are the primary evidence. They reflect not only the words spoken, but also tone, inflection, pacing, and emphasis. Those features are relevant in a case involving alleged threats, where the jury must assess how the statements were communicated and how they would reasonably be understood.

Providing jurors with written transcripts creates a risk that greater weight will be placed on the written text than on the audio itself. Jurors may rely on the transcript as a reference point, rather than forming an independent impression based on what they hear. Because the recordings are in English and readily understandable, transcripts are not necessary to assist juror comprehension. In these circumstances, their limited probative value is outweighed by the potential for confusion and undue emphasis.

The recipients of the calls experienced the communications through sound, tone, and delivery. They did not receive written versions. But when jurors are provided transcripts, they encounter the evidence in a different format. Written text necessarily omits vocal tone and emotional context and may lead jurors to focus more closely on individual words than on the overall communication. The jury's task is to evaluate how a reasonable person would have understood the statements as received. Presenting the evidence in written form risks shifting that focus.

### B. Transcripts Involve Interpretive Choices and Emphasize Isolated Language

Preparation of transcripts requires judgment and interpretation. Decisions regarding punctuation, phrasing, and word selection may affect how statements are perceived. In addition, transcripts allow jurors to reread and analyze particular passages in isolation. This may encourage attention to specific phrases rather than consideration of the communication as a whole. In a case where meaning depends in part on tone, context, and delivery, these features are more accurately conveyed through the recordings themselves.

### C. There is a Risk That Transcripts Will Be Treated as Substantive Evidence

Although transcripts are typically offered as aids, there is a risk that jurors may give them greater weight than intended. Written materials often carry particular influence in deliberations. Where the jury must determine the meaning of spoken statements, reliance on a written version may affect that evaluation. Limiting instructions, while helpful, may not eliminate this risk.

### D. The Court Can Exclude the Transcripts In Controlling The Presentation of Evidence Under Rule 611

Rule 611 authorizes the Court to regulate the presentation of evidence to promote fairness and clarity. Because the recordings are understandable without assistance, transcripts are not necessary to facilitate the jury's review of the evidence. Allowing them may alter how the evidence is processed and weighed. Excluding transcripts will ensure that the jury evaluates the communications based on what was actually heard.

## III. Conclusion

The recordings in this case are clear and understandable. Providing transcripts offers limited assistance and presents a risk of undue emphasis and

3

confusion. Under Rules 403 and 611, the Court should preclude the use of transcripts and permit the jury to evaluate the communications based on the recordings themselves.

Dated: February 16, 2026

                                                Respectfully submitted,

                                                RENE L. VALLADARES
                                                Federal Public Defender

                                                */s/ Rebecca A. Levy*

                                                Rebecca A. Levy
                                                Assistant Federal Public Defender

                                                */s/ Sean A. McClelland*

                                                SEAN A. MCCLELLAND
                                                Assistant Federal Public Defender